ORIGINAL
FILED
DEC 17 PM 4: 27

1   G. HOPKINS GUY, III (SBN 124811)
    hopguy@orrick.com
2   KAI TSENG (SBN 193756)
    ktseng@orrick.com
3   MICHAEL C. SPILLNER
    (SBN 205785)
4   mspillner@orrick.com
5   ORRICK, HERRINGTON &
    SUTCLIFFE LLP
6   1000 Marsh Road
7   Menlo Park, California 94025
    Telephone:    (650) 614-7400
8   Facsimile:    (650) 614-7401

9   Attorneys for Plaintiffs
    ACER AMERICA CORP. and
10  GATEWAY, INC.

11
12  MARK C. SCARSI (SBN 183926)
    mscarsi@milbank.com
13  MILBANK, TWEED, HADLEY &
    McCLOY LLP
14  601 South Figueroa Street, 30th Floor
    Los Angeles, California 90017-5735
15  Telephone:    (213) 892-4000
    Facsimile:    (213) 629-5063
16
17  Attorneys for Plaintiff
    APPLE INC.

18

ARTHUR S. BEEMAN (SBN 237996)
asbeeman@jonesday.com
PAMELA K. FULMER (SBN 154736)
pkfulmer@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:    (415) 626-3939
Facsimile:    (415) 875-5700

THOMAS R. JACKSON
(to be admitted *pro hac vice*)
trjackson@jonesday.com
DANIEL T. CONRAD
(to be admitted *pro hac vice*)
dtconrad@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone:  (214) 220-3939
Facsimile:  (214) 969-5100

Attorneys for Plaintiff
DELL INC.

19              **UNITED STATES DISTRICT COURT**

20            **NORTHERN DISTRICT OF CALIFORNIA**

JL

21

22  ACER AMERICA CORP., APPLE INC.,
    DELL INC., and GATEWAY, INC.,

C08 05624
Case No.

23              Plaintiffs,

24          v.

25  WI-LAN, INC.,

26              Defendant.

27

28

**COMPLAINT FOR DECLARATORY JUDGMENT**

**DEMAND FOR JURY TRIAL**

1    Plaintiffs Acer America Corp. ("Acer America"), Apple Inc. ("Apple"), Dell Inc.

2    ("Dell"), and Gateway, Inc. ("Gateway") (collectively, "Plaintiffs"), for their Complaint against

3    Wi-LAN, Inc. ("Wi-LAN"), hereby allege as follows:

4                            **NATURE OF THE ACTION**

5        1.    This is an action for a declaratory judgment of non-infringement, invalidity, and

6    unenforceability of United States Patent No. 6,549,759 (the "'759 patent") pursuant to the

7    Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the patent laws of the United States, 35

8    U.S.C. § 100 *et seq.*, and for such other relief as the Court deems just and proper.

9                          **INTRADISTRICT ASSIGNMENT**

10       2.    This action includes patent-based declaratory judgment claims arising in

11   connection with conduct occurring in or directed to Santa Clara County.  This action is related to

12   another action pending in the San Jose Division, *Intel Corporation v. Wi-LAN, Inc.*, Case No.

13   5:08-cv-04555-JW.

14                                **PARTIES**

15       3.    Plaintiff Acer America is an entity organized and existing under the laws of

16   California, with its principal place of business at 333 West San Carlos Street, Suite 1500, San

17   Jose, California 95110.

18       4.    Plaintiff Apple is a corporation organized and existing under the laws of

19   California, with its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

20       5.    Plaintiff Dell is a corporation organized and existing under the laws of the State of

21   Delaware and having its principal place of business at One Dell Way, Round Rock, Texas 78682.

22       6.    Plaintiff Gateway is an entity organized and existing under the laws of Delaware,

23   with its principal place of business at 7565 Irvine Center Drive, Irvine, California 92618.

24       7.    On information and belief, defendant Wi-LAN, Inc., is a corporation organized

25   and existing under the laws of Canada and having its principal place of business at 11 Holland

26   Avenue, Suite 608, Ottawa, Ontario, Canada.

27       8.    As alleged herein, Wi-LAN has engaged in various acts in and directed to

28   California.

**JURISDICTION AND VENUE**

9.     The Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202, and the patent laws of the United States, 35 U.S.C. § 1, *et seq.*  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

10.     Wi-LAN purports to be the owner of all rights, title, and interest in and to the '759 patent.  Wi-LAN has made statements and representations threatening to assert the '759 patent against the Plaintiffs' products.  Furthermore, Wi-LAN has confirmed its ability and willingness to file suit.  The Plaintiffs have not infringed and do not infringe, either directly or indirectly, any valid and enforceable claim of the '759 patent, either literally or under the doctrine of equivalents, nor are they aware of any infringement of the '759 patent.  A substantial controversy exists between the parties which is of sufficient immediacy and reality to warrant declaratory relief.

11.     The Court has personal jurisdiction over Wi-LAN.  Wi-LAN has conducted business in and directed to California, including pertaining to the '759 patent, and has engaged in various acts in and directed to California.  Additionally, inventors and former assignees of the '759 patent, and attorneys responsible for the prosecution of the '759 patent, are believed to be located in California.  Wi-LAN is in the business of asserting patent infringement claims and suing companies for patent infringement.  In connection with that business, Wi-LAN has targeted and met with companies in Santa Clara County.

**THE PATENT**

12.     The '759 patent is entitled "Asymmetric Adaptive Modulation in a Wireless Communication System," and bears an issuance date of April 15, 2003.  A copy of the '759 patent is attached hereto as Exhibit A.

**COUNT I**

**(Declaration Of Noninfringement Of U.S. Patent No. 6,549,759)**

13.     The Plaintiffs repeat and reallege the allegations in paragraphs 1-12 as though fully set forth herein.

14.     The Plaintiffs have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '759 patent.

15.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

16.     A judicial declaration is necessary and appropriate so that the Plaintiffs may ascertain their rights regarding the '759 patent.

**COUNT II**

**(Declaration Of Invalidity Of U.S. Patent No. 6,549,759)**

17.     The Plaintiffs repeat and reallege the allegations in paragraphs 1-16 as though fully set forth herein.

18.     The '759 patent is invalid for failure to meet the conditions of patentability and/or otherwise to comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

19.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

20.     A judicial declaration is necessary and appropriate so that the Plaintiffs may ascertain their rights regarding the '759 patent.

**COUNT III**

**(Declaration Of Unenforceability Of U.S. Patent No. 6,549,759)**

21.     The Plaintiffs repeat and reallege the allegations in paragraphs 1-20 as though fully set forth herein.

22.     On information and belief, individuals subject to the duty of candor under 37 C.F.R § 1.56 ("Applicants") engaged in inequitable conduct by withholding or misstating material information with intent to deceive the United States Patent and Trademark Office ("USPTO") in connection with prosecuting the '759 patent, rendering the '759 patent unenforceable.

23.     On information and belief, during prosecution of the '759 patent, Applicants were aware of prior art that they knew was material to patentability, including prior public disclosures material to patentability that they deliberately failed properly to disclose to the USPTO with intent to deceive.

24.     For example, on or around July 7, 2000, a document entitled "Media Access Control Layer Proposal for the 802.16.1 Air Interface Specification," was submitted to the 802.16 MAC Subgroup by Glen Sater, of Motorola, and Kenneth L. Stanwood, of Ensemble Corporation.  Kenneth L. Stanwood is a named inventor on the '759 patent.

25.     Applicants' public disclosures, including those described above, were material to the patentability of the application that issued as the '759 patent.  On information and belief, during prosecution of the application that issued as the '759 patent, with intent to deceive the USPTO, Applicants failed to disclose these public disclosures to the USPTO.  Under Wi-LAN's improper and incorrect apparent interpretations of the '759 patent's claims, these disclosures constitute prior art that render the claims of the '759 patent invalid under 35 U.S.C. §§ 102 and/or 103.

26.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

27.     A judicial declaration is necessary and appropriate so that the Plaintiffs may ascertain their rights regarding the '759 patent.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs respectfully request that judgment be entered in their favor and pray that the Court grant the following relief:

A.     A declaration that each of the Plaintiffs has not infringed, either directly or indirectly, any valid and enforceable claim of the '759 patent;

B.     A declaration that the claims of the '759 patent are invalid;

C.     A declaration that the '759 patent is unenforceable;

D.     An order declaring that each of the Plaintiffs is a prevailing party and that this is

-5-

1    an exceptional case, awarding each of the Plaintiffs its costs, expenses, disbursements, and

2    reasonable attorney fees under 35 U.S.C. § 285 and all other applicable statutes, rules and

3    common law; and

4          E.     Such other and further relief as the Court may deem just and proper.

5    **JURY DEMAND**

6        The Plaintiffs hereby respectfully demand a trial by jury on all issues and claims so

7    triable.

8

9    Dated:  December 17, 2008            Respectfully submitted,

10

11   G. Hopkins Guy, III
     Kai Tseng

12   Michael C. Spillner
     ORRICK, HERRINGTON & SUTCLIFFE LLP

13   1000 Marsh Road
     Menlo Park, CA 94025

14   Telephone:     (650) 614-7400
     Facsimile:     (650) 614-7401

15

16   Attorneys for Plaintiffs
     ACER AMERICA CORP. and GATEWAY, INC.

17

18

19   Dated:  December 17, 2008            Respectfully submitted,

20

21   Mark C. Scarsi

22   MILBANK, TWEED, HADLEY & McCLOY LLP
     601 South Figueroa Street, 30th Floor

23   Los Angeles, CA  90017-5735
     Telephone:     (213) 892-4000

24   Facsimile:     (213) 629-5063

25   Attorneys for Plaintiffs
     APPLE INC.

26

27

28

1    an exceptional case, awarding each of the Plaintiffs its costs, expenses, disbursements, and

2    reasonable attorney fees under 35 U.S.C. § 285 and all other applicable statutes, rules and

3    common law; and

4        E.      Such other and further relief as this Court may deem just and proper.

5                         **JURY DEMAND**

6      The Plaintiffs hereby respectfully demand a trial by jury on all issues and claims so

7    triable.

8

9    Dated: December 17, 2008           Respectfully submitted,

10

11                              G. Hopkins Guy, III
                                  Kai Tseng

12                              Michael C. Spillner
                                  ORRICK, HERRINGTON & SUTCLIFFE LLP

13                              1000 Marsh Road
                                  Menlo Park, CA 94025

14                              Telephone:      (650) 614-7400

15                              Facsimile:       (650) 614-7401

16                              Attorneys for Plaintiffs

17                              ACER AMERICA CORP. and GATEWAY, INC.

18

19    Dated: December 17, 2008           Respectfully submitted,

20

21                              Mark C. Scarsi

22                              MILBANK, TWEED, HADLEY & McCLOY LLP

23                              601 South Figueroa Street, 30th Floor
                                  Los Angeles, CA 90017-5735

24                              Telephone:      (213) 892-4000
                                  Facsimile:       (213) 629-5063

25

26                              Attorneys for Plaintiffs
                                  APPLE INC.

27

28

1    Dated:  December 17, 2008

2                                        Respectfully submitted,

3                                        *Arthur S. Beeman /PKF*

                                         Arthur S. Beeman
4                                        Pamela K. Fulmer
                                         JONES DAY
5                                        San Francisco Office
                                         555 California Street, 26th Floor
6                                        San Francisco, CA  94104
                                         Telephone:    (415) 626-3939
7                                        Facsimile:    (415) 875-5700

8                                        Thomas R. Jackson (to be admitted *pro hac vice*)
                                         Daniel T. Conrad (to be admitted *pro hac vice*)
9                                        JONES DAY
                                         2727 North Harwood Street
10                                       Dallas, TX 75201-1515
                                         Telephone:    (214) 220-3939
11                                       Facsimile:    (214) 969-5100

12                                       Attorneys for Plaintiff
                                         DELL INC.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28